# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CHARLIE T. DANG, | CASE NO. 07cv520 BTM (POR) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT [Doc. #2]** |
| vs. | |
| SOLAR TURBINES, INC., a Caterpillar Company, | |
| Defendant. | |

On March 22, 2007, Plaintiff, proceeding pro se, filed an employment discrimination complaint against his employer, Defendant Solar Turbines, Inc. The complaint appears to allege violations of a number of federal laws, including the Equal Pay Act, Age Discrimination in Employment Act, Americans with Disabilities Act, Family Medical Leave Act, and Title VII of the Civil Rights Act of 1991. The complaint also alleges violations of Section 51 of California's Unruh Act. In the complaint, Plaintiff lays out a history of his dealings with Defendant, mostly pertaining to issues surrounding a medical leave that began in September 2003 and appears to have ended in March 2006, though Plaintiff has not been returned to work. (Complaint, ¶¶ 6 - 21.) Plaintiff then summarily alleges that Defendant engaged in "acts of malicious practice of employment, age, racial, sexual and disability discriminations, [and] intentional employment discrimination and retaliation." (Id., ¶ 21.)

On April 19, 2007, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, a

motion for a more definite statement of the claims made by Plaintiff pursuant to Fed. R. Civ. P. 12(e). Defendant claims that Plaintiff's complaint fails to state any claim for relief because the facts alleged do not constitute a violation of the Family Medical Leave Act ("FMLA"). Defendant claims that Plaintiff has no legally viable claim under FMLA because Plaintiff's disability leave lasted longer than the 12 weeks allowed under FMLA and its decision to require Plaintiff to receive a fitness-for-duty clearance before allowing him to return to work was permissible under federal regulations.  It argues that it has no legal duty to find a position for Plaintiff to return to after a leave of 2 ½ years.  Defendant also argues that Plaintiff has failed to make any substantive allegations that would support a claim of illegal age, racial, sexual or disability discrimination, or retaliation related thereto.  Defendant also argues that Plaintiff's claims of employment discrimination are not cognizable under the Unruh Act.  As an alternative to dismissal, Defendant asks for a more definite statement of Plaintiff's claims so that it might properly frame a responsive pleading.

Plaintiff has filed a lengthy opposition to Defendant's motion in which he endeavors to explain in some detail the facts relevant to each of his legal claims, including claims that are not based on FMLA.  The opposition appears to be, in part, Plaintiff's attempt to correct some of the deficiencies of his original complaint, as the opposition is also titled "AMENDED COMPLAINT FOR DAMAGES."  (See cover page of Pl.'s Opp. Mem.)  For instance, Defendant had pointed out in its motion that the caption of Plaintiff's original complaint listed six claims, only one of which was actually a cause of action or claim and not a prayer for relief. Underneath where Plaintiff indicated "AMENDED COMPLAINT FOR DAMAGES" on the cover page of his opposition, he also specified eight corrected causes of action, including "1. Disability Discrimination" and "6. Racial Discrimination."  Thus, it appears that Plaintiff's opposition attempts to set forth the more definite statement of Plaintiff's claims that Defendant is requesting.  In addition, Plaintiff has set forth reasons why Defendant's assertions regarding the facts surrounding his leave of absence, which are the basis for his FMLA claim, are not correct.

Accordingly, the Court has determined that Plaintiff's complaint need not be dismissed for failure to state a claim. Even if Plaintiff's original complaint could be dismissed in whole or in part, it seems obvious that Plaintiff is able to amend his complaint to more properly state his claims for relief. As Plaintiff is proceeding pro se, the Court must liberally construe his pleadings and, "before dismissing an action, a court should always be certain that other less drastic alternatives are not available." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987); accord Hughes v. Rowe, 449 U.S. 5, 9-10 (1980) ("[A] [pro se] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). The Court finds that any pleading deficiencies in Plaintiff's original complaint can likely be remedied by affording him the opportunity to file an amended complaint, which is exactly what Defendant asks for in his alternative motion for a more definite statement.

The Court recognizes that Defendant may be correct in arguing that Plaintiff has failed to properly state a claim for relief under the Equal Pay Act or the Unruh Act. However, as the Court would allow Plaintiff an opportunity to amend his complaint even if it granted dismissal of these claims, the Court will wait until Plaintiff files an amended complaint that provides a more definite statement before addressing these issues if Defendant should choose to file any renewed motion to dismiss.

Plaintiff has argued that his opposition provides all the detail that Defendant needs to frame a responsive pleading and, therefore, the motion for a more definite statement is moot. However, Defendant is correct that a detailed memorandum in opposition to a motion to dismiss is not a substitute for a properly filed amended complaint, even for a pro se litigant.

Therefore, the Court **DENIES** Defendant's motion to dismiss without prejudice. Defendant's alternative motion for a more definite statement is **GRANTED**.

//
//
//

1     **Plaintiff is directed to file an amended complaint**, which adheres to the
2 requirements of Fed. R. Civ. P. 8(a), including "a short and plain statement of [each] claim
3 showing that the pleader is entitled to relief," **on or before July 27, 2007.** Plaintiff shall title
4 his amended pleading "First Amended Complaint" and, in accordance with Civil Local Rule
5 15.1, it shall be "retyped and filed so that it is complete in itself without reference to the
6 superseded pleading." In addition, the amended complaint "shall contain copies of all
7 exhibits referred to" therein. CivLR 15.1.

9 **IT IS SO ORDERED.**

11 DATED: July 3, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge